United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 06-51531
Summary Calendar

———

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CESAR RESHAWN MARTINEZ, also known as Cesar Martinez

Defendant - Appellant

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-75-5

———

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cesar Reshawn Martinez was convicted by jury trial of conspiracy to distribute and possession with intent to distribute at least five grams of methamphetamine. He was sentenced to 180 months of imprisonment with five years of supervised release, a fine of $2,000, and a $200 special assessment. On appeal, Martinez contends that the district court erred in failing to grant his motion for a new trial on the basis of newly discovered evidence and the district

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in admitting testimony of a conversation overheard between Martinez and another inmate. We disagree and AFFIRM.

I.

Martinez claims that after his trial, a fellow inmate came forward with information indicating that one of the witnesses at Martinez's trial had lied in order to receive a downward departure on his own sentence. Martinez argues that the jury would not have relied on the testimony of this witness, had it been aware of his motivation for testimony, and therefore that he should have received a new trial. We review the denial of a motion for new trial for abuse of discretion. United States v. Blackthorne, 378 F.3d 449, 452 (5th Cir. 2004). To be entitled to a new trial, a defendant must show "(1) that the evidence is newly discovered and was unknown to him at the time of the trial; (2) that the failure to discover the evidence was not due to his lack of diligence; (3) that the evidence is not merely cumulative, but is material; and (4) that the evidence would probably produce an acquittal." Id. The district court denied Martinez's motion for a new trial, finding that his new impeachment evidence was not material and that the new evidence would not produce an acquittal. Under our precedent, "[e]vidence which merely discredits or impeaches a witness' testimony does not justify a new trial." United States v. Pena, 949 F.2d 751, 758 (5th Cir. 1991). Martinez does not contend that his new witness would offer anything more than impeachment evidence. The district court therefore did not abuse its discretion in denying Martinez a new trial.

II.

Martinez also argues that the district court erred by admitting into evidence Drug Enforcement Agent Chuck Borgeson's testimony of an overheard conversation between Martinez and a second inmate, Nestor Martinez ("Nestor"). He claims that under Rule 403, this evidence should have been excluded as more prejudicial than probative. We review the district court's

rulings on the admissibility of evidence for abuse of discretion, United States v. Pace, 10 F.3d 1106, 1115 (5th Cir. 1993), recognizing that the exclusion of evidence under Rule 403 should occur only sparingly. Id.

On September 11, 2006, the first day of Martinez's trial, Borgeson entered the holding area to speak with a witness. He overheard a conversation between Martinez and Nestor, both of whom were in holding cells and who were shouting so that they could hear each other. Martinez said, "My lawyer tells me that Daniel is going to testify against me." Nestor responded, "He says he aint' going to do it, Cuz." Martinez repeated himself and Nestor responded, "Don't worry about it. I got your back." Martinez then shouted something like, "You tell him to keep his mouth shut," referring to Daniel Cruz. On the following day, Nestor took the stand as a witness for Martinez's defense and testified in contradiction to Cruz's prior testimony that Nestor had never sold drugs to or bought drugs from Martinez. Later that day, Borgeson was called to the stand for rebuttal to impeach the credibility of Nestor's testimony. Martinez claims that he was prejudiced by the introduction of this evidence because it showed him to be "threatening and intimidating." It is clear from the record, however, that any limited prejudice suffered by Martinez was clearly outweighed by the probative value of showing Nestor's expressed intention to assist Martinez. As we have previously noted, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." Id. at 1115-16 (emphasis in original). The district court did not abuse its discretion in admitting Borgeson's testimony.

## III.

For the foregoing reasons, the judgment of conviction and the denial of the motion for a new trial are

AFFIRMED.